IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EVERETT LEON STOUT,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 2:16-cv-08016-VEH |
| | )       (2:02-cr-00528-VEH-HGD) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## MEMORANDUM OPINION

Petitioner, Everett Leon Stout, has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. 2255. (Doc. 1).[1] An evidentiary hearing is not needed, nor is a response needed by the Government.[2] Having fully

---

[1] Although the Motion was filed as docket entry 478 in the associated criminal case, 2:02-cr-00528-VEH-HGD, and was entitled "Motion and Petition for Dismissal of Supervised Release", it seeks Petitioner's release from custody. (Doc. 1). Accordingly, the undersigned directed that it be docketed as a Motion To Vacate Under 28 USC § 2255. (Docket entry dated 3/15/2016 in 2:02-cr-00528-VEH-HGD). When it was redocketed as instructed in that criminal case, it was assigned docket entry 479. Thus, docket entry 478 in the criminal case is hereby **TERMED** as **MOOT** in light of docket entry 479 in that case.

[2] Although the court entered an Order for the Government to show cause why the Motion should not be granted (doc. 2), no such response is needed in light of the wholly procedural determination of this case based upon the record proceedings in

considered all relevant pleadings in this case, and in the related criminal case (*United States v. Everett Leon Stout,* 2:02-cr-00528-VEH-HGD), the undersigned finds that Petitioner's 2255 motion is due to be dismissed as time-barred pursuant to 28 U.S.C. 2255(f)(1).

## I. Procedural History[3]

On November 1, 2002, a grand jury sitting in the Northern District of Alabama returned an indictment against Petitioner (and others). (Doc. 1). The indictment charged Petitioner with fourteen counts. Count One charged him with conspiracy to violate a law of the United States, in violation of 18 USC § 371, specifically, to transport and to cause to be transported in interstate commerce motor vehicles which he knew had been stolen, in violation of 18 USC § 2312. Counts Two through Eight charged him with violating 18 USC § 2312 by transporting and causing to be transported in interstate commerce motor vehicles which he knew had been stolen. Counts Twelve through Eighteen charged him with mail fraud, in violation of 18 USC § 1341.

On March 11, 2003, a grand jury sitting in the Northern District of Alabama

---

this court. Accordingly, such Order To Show Cause is hereby **VACATED**.

[3]All references to the record in this portion of this Opinion are to the related criminal case, 2:02-cr-00528-VEH-HGD, unless otherwise indicated.

returned a superceding indictment against Petitioner (and others). (Doc. 82). The superceding indictment charged Petitioner with fourteen counts. Count One charged him with conspiracy to violate a law of the United States, in violation of 18 USC § 371, specifically, to transport and to cause to be transported in interstate commerce motor vehicles which he knew had been stolen, in violation of 18 USC § 2312. Counts Two through Eight charged him with violating 18 USC § 2312 by transporting and causing to be transported in interstate commerce motor vehicles which he knew had been stolen. Counts Twelve through Eighteen charged him with mail fraud, in violation of 18 USC § 1341.

On January 13, 2004, a jury found Petitioner guilty of all fourteen counts against him. (Doc. 330). On May 14, 2004, the judge to whom this case was then assigned, Karon O. Bowdre, sentenced Petitioner to 60 months custody for Counts 1, 13, 16, 17, and 18, to 120 months custody for Counts 2, 3, 4, 5, 6, 7, and 8, and to 151 months custody 12, 14, and 15, and ran all sentences concurrently. She also imposed five years of supervised release. (Dos. 373). Petitioner appealed his conviction and sentence. Defendant Stout's direct appeal was dismissed on August 15, 2005, by the Eleventh Circuit Court of Appeals for failure to file a brief within the time fixed by the rules (Doc. 429). During the pendency of and after that direct appeal, Petitioner filed various motions and notices, all of which were dealt with by

3

the magistrate judge or by Judge Bowdre. (*See* Docket entries 375 through 390; 397 through 427). On August 29, 2005, the magistrate judge entered an order (doc. 433) construing four motions which Petitioner had filed (specifically, docs. 428, 430, 431, and 432) as "attack[ing] either the manner of his arraignment, i.e., the jurisdiction of the court, or the constitutionality of his sentence." (Doc. 433 at 1.). The magistrate judge then construed those motions as brought pursuant to 28 USC § 2255 and instructed Petitioner as set out below.

> As a general rule, a defendant is only allowed one petition under § 2255. Therefore, the defendant is DIRECTED to file with the court within 30 days of the entry of this order an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 and to include the grounds stated in the above-referenced motions, as well as any other grounds for relief to which he deems himself entitled.
> The clerk is DIRECTED to furnish a copy of this order to defendant Stout together with the forms for filing a Motion to Vacate, Set Aside or Correct Federal Sentence pursuant to 28 U.S.C. § 2255. The clerk is further DIRECTED to furnish a copy of this order to the United States Attorney for the Northern District of Alabama.

(*Id*. at 2).

Petitioner then "clarified" his motions as having been filed erroneously with the district court when he intended to file them with the Eleventh Circuit. (*See* doc. 438). The magistrate judge then withdrew his Order that had been filed as docket entry 433. (*See* doc. 441).

Petitioner kept filing papers with the district court, however. (*See* docs. 439,

4

440, and 441). The magistrate judge again instructed Petitioner as to seeking relief pursuant to 28 USC § 2255. (*See* Order, doc. 443). Nonetheless, Petitioner continued to file papers challenging his conviction and/or sentence. (*See* doc. 444, which, by margin Order dated December 8, 2005, was deemed to be a § 2255 motion and struck because it was not signed by Petitioner as required).

Petitioner continued to file papers demanding that he be released. (*See* docs. 449, 460, and 461). On April 19, 2007, the magistrate judge entered an Order (doc. 462) which, *inter alia*, directed Petitioner to clarify "whether he wishes to pursue his petition for immediate release as a petition for habeas corpus pursuant to either 2255 or 2241." Petitioner appealed (doc. 463) that order to Judge Bowdre. On May 7, 2007. Judge Bowdre ordered (doc. 464) that the April 19, 2007 magistrate judge's order was affirmed and that Petitioner's motion (doc. 461), whether under 28 USC 2255 or 28 USC 2241 was time-barred. (*See* doc. 464).[4]

Petitioner filed more papers. (*See* docs. 465 and 466). Judge Bowdre denied

---

[4] The undersigned is aware that this court lacks jurisdiction to entertain a second or successive § 2255 motion, absent the movant obtaining permission from the Eleventh Circuit Court of Appeals for such a motion to be brought. However, given the lack of clarity regarding whether Petitioner previously was proceeding under 28 USC § 2241 rather than under 28 USC § 2255, the undersigned deemed it more prudent to act on the Petition, with full knowledge that the Eleventh Circuit may determine that the undersigned lacked jurisdiction and therefore did a "null act."

Petitioner's motion (doc. 466) by Order on April 5, 2012. (Doc. 467). For almost two years, there was no activity in this case file. Then, on May 20, 2014, Judge Bowdre entered an Order of Recusal (doc. 468) and the criminal case was reassigned to the undersigned.

On that same date, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision. (Doc. 469). The undersigned ordered that an arrest warrant be issued. (Docket entry dated May 20, 2014). On June 5, 2014, the Probation Office asked to withdraw (doc. 474) its petition and that request was granted. (Docket entry dated June 5, 2014).

Once again, almost two years passed with no activity in this criminal case file. Then On March 15, 2016, Petitioner filed four documents:

- (Doc. 475) Notice of Adoption of the Original Constitution of 1787;

- (Doc. 476) Notice;

- (Doc. 477) Notice; and

- (Doc. 478) Motion for Dismissal of Supervised Release.

As stated previously, the undersigned directed that the Motion for Dismissal of Supervised Release be docketed as a Motion To Vacate under 28 USC § 2255. The Clerk's Office did so, and docketed that motion (again) as doc. 479.[5]

---

[5] Doc. 1 in this case.

## II. THE 2255 PETITION[6]

In his Petition, Petitioner asserts that this court is "**NOT A TRUE COURT**." (Doc. 1 at 1) (capitalization and bold in original). He attaches several documents, presumably to prove that assertion. (Doc 478-1 at 1-8). The court has also taken note of various assertions Petitioner made in docs. 475, 476, and 477 in his related criminal case. Because the relief sought is clear --- that his supervised release be "dismissed" --- he has asked to be released from "custody." *See United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (holding that "in custody" requirement of 28 USC § 2255 is met where a movant has completed his term of imprisonment but was still serving a term of supervised release). Accordingly, the undersigned has analyzed his Petition through that legal lens.

A. S<span>TATUTE OF </span>L<span>IMITATIONS </span>A<span>PPLICABLE TO </span>P<span>ROCEEDINGS UNDER </span>§ 2255

The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996, and, pertinent to this case, added a new subdivision to 28 U.S.C. 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied*, 531 U.S. 971, 121

---

[6]All references to the record in this portion of this Opinion are to the filings in this § 2255 proceeding, unless otherwise indicated.

S.Ct. 410, 148 L.Ed.2d 316 (2000).

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f).

### B. ANALYSIS

Petitioner makes no argument, and presents no facts, in favor of the court's application of subsections (2), (3), or (4) of 2255(f). Thus, the timeliness of the pending motion is calculated under 2255(f)(1) based upon the date on which a petitioner's judgment of conviction became final. In this case, Judge Bowdre entered the Judgment of Conviction on May 14, 2004. (Doc. 373 in case no. 2:02-cr-00528-VEH-HGD). Petitioner appealed to the Eleventh Circuit, and that court affirmed his conviction and sentence on December 16, 2005. (Doc. 446). He did not appeal to

the United States Supreme Court. Therefore, his conviction became final on December 16, 2005. FED. R. APP. P. 4(b). *See Akins v. United States*, 204 F.3d 1086. Because the pending petition fails to raise any issue that is not subject to this one-year limitation period, the petition is time-barred.

### III. DENIAL OF CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing 2255 Proceedings, the court finds that a certificate of appealability in this case is not well-founded, and any application for one is due to be denied. 28 U.S.C. foll. 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2243(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S .Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for dismissing Petitioner's motion to vacate, nor could a reasonable jurist conclude that Petitioner should be allowed to proceed further with respect to his claims. *Id.*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, Petitioner is not entitled to a certificate of appealability.

## IV. CONCLUSION

The instant Motion is dismissed as time-barred pursuant to 28 U.S.C. 2255(f)(1). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** this the 22nd day of March, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge